GOITÍA, APPELLANT, v. REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from Decisions of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 431.—Decided December 16, 1919.

RECORD OF TITLE—CERTIFICATE OF NOTARY.—The Notarial Law does not assign as a cause for the nullity of a public deed the fact that the notary failed to certify to all of its contents;· therefore, it cannot be held that a deed lacking this feature, but marked, signed and filed in the protocol of the notary, is unrecordable.

The facts are stated in the opinion.
*Mr. Rafael Arce* for the appellant.
The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant, as an interested party and as the person to whom the refusal to record was addressed, asks a reversal of two decisions of the Registrar of Caguas. The first of these decisions held that the notary failed to solemnize or

"give faith" to certain matters that are cited in various clauses of the deed in question.

The first decision is as follows:

"Record of the foregoing instrument is denied, namely deed number 172, executed in this city on September 17, 1919, before notary Rafael Arce Rollet, and in lieu thereof a cautionary notice is entered for 120 days in favor of Juana Torres at folio 250, volume 28 of Caguas, property No. 1421, annotation letter 'B,' for the following reasons: Because the attesting notary does not give faith to having read same to the parties and instrumental witnesses or allowed them to read it at their choice before it was signed, or of having advised them of their right to read it themselves, nor giving faith by the said notary to the acts, agreement and conditions of the contract to which the said document refers, nor even stating at the end of the said document that he certifies to the contents of the said deed in order that such expression may be understood as applicable to all the words, acts, stipulations, statements and real or personal conditions recited in the said instrument according to law, one of said acts being the signatures thereon of the parties and witnesses before the executing notary. Under these circumstances, and the said formality not having been complied with by the notary, the signatures of the parties and witnesses appearing at the bottom of the instrument lack legal efficacy and stand as if not made; and therefore the lack of said signatures makes the instrument null and void. Sections 1st, 9th, 17th and 20th of the Notarial Law; sections 3, 18 and 22 of the Mortgage Law; sections 1184, 1185, 1191 of the Civil Code, 11 P. R. R. 569, 23 P. R. R. 206. The curable defect that no recital is made in the deed as to the area of the lot is also noted."

The deed among other things recites:

"Thus they say and execute before the witnesses residents of this district and without legal reservation (naming said witnesses)."

"When the deed was read to them, inasmuch as they renounced the right to read it for themselves, they (the parties) ratified and signed."

"I certify to my acquaintance with the parties; and with regard to their age, status, profession and residence I also certify (*doy fe*) in accordance with their manifestations."

The original deed is signed by all the parties and wit-

nesses and is marked and signed by the notary effecting the deed, stating that a revenue stamp of one dollar was attached. A copy of this deed also is extended by the notary under his mark, signature and seal to express that the writing is a true copy of the original to be found in the original protocol.

The appellant maintains that the only matter omitted from the deed is an expression to the effect that the notary certifies or gives faith to the contents of the said deed. We think to avoid questions it would be better if the notary did so certify, but to say that a deed merely omitting such a formula is not entitled to record is going very far indeed. The deed in question is marked and signed by the notary and was with equal solemnity placed in his protocol. The parties are thus shown to have complied with the law and were advised of their rights by the notary and the proper number of witnesses signed in due form. While the notarial law requires the notary to give faith to the contents of a deed, we hold that he complies with the purposes of the law when he marks and signs the deed and places it in his protocol. It is better, as we have suggested, that at the end of the deed the notary should certify or give faith to all the contents, but the failure to do so does not nullify the deed if a plain act and intention to solemnize and reduce to a public instrument is shown. The notarial law says that the omission of the signatures of the parties, witnesses and other matters shall make a deed void, but it does not declare such a nullity because of the failure of the notary to certify or give faith to the contents.

Section 3 of the Mortgage Law says that titles to be recorded should, among other ways, be converted into public deeds, and neither a professional man nor a layman would doubt that the writing before us transferring the title is a public deed. We have no doubt that the deed here sufficiently complies with the notarial law and is a public instrument in accordance with sections 1184 *et seq.* of the Civil Code

and 45 *et seq.* of the Law of Evidence, and it was entitled to record.

The second decision was a refusal to record a deed to a third person from the purchaser under the first instrument. The first instrument being recorded, the objection of want of recorded title in the vendor disappears and the second deed is entitled to record with the curable defects not made the subject of this appeal.

.The two decisions should be reversed and the records made.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.